THE NATIONAL SHOE AND LEATHER BANK OF THE CITY OF NEW YORK, RESPONDENT, *v.* MARTIN HERZ, APPELLANT, IMPLEADED WITH IGNATZ ROSENBERG.

*Dissolution of a firm — a bank, with which it has kept its deposit, is entitled to actual notice of it.*

A bank with which a firm has for several years kept an account, wherein the firm is credited with the amounts deposited by it, and charged with the amounts withdrawn, is a dealer with the firm, within the meaning of the rule requiring actual notice of the dissolution of a firm to be given to all persons who had previously been dealers with it.

This is especially so where on the dissolution of the firm (Martin Herz & Co.) Martin Herz retires and by agreement his former partner carries on the business under the former firm name.

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

*Charles P. Crosby*, for the appellant.

*Geo. C. Lay, Jr.*, for the respondent.

DAVIS, P. J.:

This action was brought upon four promissory notes indorsed by the firm of Martin Herz & Company, and discounted by the plaintiff in the months of February and March, 1876. Prior to the 15th day of September, 1875, Martin Herz & Company were a firm doing business in the city of New York as dealers in kid gloves. The firm was composed of Martin Herz and one Ignatz Rosenberg. For several years prior to September 15, 1875, the firm, under its name of Martin Herz & Company, kept a continuous account in the plaintiff's bank in which their deposits were credited and their checks debited. This account was produced upon the trial and put in evidence but its contents are not stated in the case before us except in general terms. On the 15th of September, 1875, the firm was dissolved, and it was arranged between its members that Rosenberg should continue the business, using the same firm name.

Notice of the dissolution was published in two newspapers, one in the city of New York and one in Albany; and a printed notice was deposited in the New York post-office directed to the plaintiff. Evidence was given on the part of the plaintiff tending to show that the notice mailed was not received by the plaintiff, and that the plaintiff had no knowledge of the notice of dissolution advertised in the newspapers, and no notice or knowledge otherwise of such dissolution. On the part of the defendant evidence was given tending to show that the plaintiff had such notice in fact.

The first question made by the appellant is that the firm of Martin Herz & Company were not dealers with the plaintiffs within the meaning of the rule that requires actual notice of the dissolution of the firm to all parties who had previously been dealers with it.

The learned referee has found as a matter of fact that the firm were dealers with the plaintiffs. We see no reason to question the correctness of this finding. The firm opened a bank account with the plaintiff several years before the dissolution. The account was continuous, and occupied several pages of the book produced. It was composed of debits and credits, and although the precise contents are not given, no question being raised at the time, there is no reason to doubt that it was the ordinary bank account of a depositor consisting of the usual items of accounts between merchants and the banks in which they deposit. Even if its items were altogether of credits of money and debits of checks still it would be established that the firm were dealers with the bank within the meaning of the rule. The bank, on receiving deposits, became debtors to the firm, and the checks of the firm were drawn and paid in diminution of the indebtedness. Beyond all doubt these acts were dealings between the plaintiff and the firm, and entitled it to actual notice of dissolution, and especially so as to any transaction that was to enter into such account of debit and credit. It appears that no change had been made in the account subsequent to the 15th of September, 1875, and down to and including the times at which the notes on which the action was brought were discounted and the proceeds placed to the credit of the firm. The law is abundantly well settled that such dealers are entitled to hold the several partners of the firm liable for subsequent deal-

ings, unless they have actual notice in some form of the dissolution of the firm. (*Ketcham* v. *Clark*, 6 Johns., 144; *Graves* v. *Merry*, 6 Cowen, 701; *Vernon* v. *Manhattan Co.*, 17 Wend., 524; *National Bank* v. *Norton*, 1 Hill, 572; *Clapp* v. *Rogers*, 12 N. Y., 287; *City of Brooklyn* v. *McChesney*, 20 id., 242; *Mechanics' Bank* v. *Livingston*, 33 Barb., 458.)

It is enough to discharge the retiring partner for him to show that knowledge of the dissolution of the firm was in some form brought home to the dealer. But that is a question of fact upon which the alleged partner holds the affirmative and is to satisfy a jury or referee.

We think in a case like the present, where the only individual name in the firm is that of the retiring partner and, by agreement with his co-partner the business is to be carried on by him alone, with leave to use the same firm name, the rule which requires proof that dealers had actual notice of the dissolution should not be subjected to any relaxation. It became, in this case, purely a question of fact whether notice of the dissolution had been given to the plaintiffs, or in any manner brought to their notice, and upon that subject the evidence was strongly conflicting. The learned referee, in a very careful analysis of the evidence as appears by his opinion came to the conclusion that it was his duty to find on this question adversely to the appellant. We have gone through the evidence aided by the brief of the appellant's counsel, and our conclusion is that the findings of the referee ought not to be disturbed.

It follows that the judgment must be affirmed.

BRADY, J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Judgment affirmed.